IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VIRGINIA ELECTRIC AND POWER COMPANY, d/b/a DOMINION VIRGINIA POWER, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) No. 1:17CV71 |
| BRANSEN ENERGY, INC., CARRIE PETERS, TAYLOR ROSE ENERGY, LLC, COAL STONE COMPANY, LLC, BKF EQUIPMENT, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion to Enjoin [Doc. #49], in which Defendants ask this Court to enjoin proceedings in a related case in the Eastern District of Virginia. For the reasons set out below, the Motion to Enjoin should be denied.

This case arises out of an earlier case in the Eastern District of Virginia ("EDVA"). In that earlier EDVA case, Virginia Electric and Power Company d/b/a Dominion Virginia Power ("Dominion") brought suit against Bransen Energy, Inc. ("Bransen") for breach of a coal supply contract. Dominion prevailed, and the EDVA court entered judgment for $22,894,013.00 in damages and $1,648,863.00 in attorneys' fees in Dominion's favor. Dominion then commenced the present action in this District, seeking to recover on the judgment from various entities that allegedly received fraudulent transfers from Bransen,

including Taylor Rose Energy, LLC ("Taylor Rose"), Coal Stone Company, LLC ("Coal Stone"), and BKF Equipment, Inc. ("BKF"). Dominion contends that Bransen's owner, Michael Peters, "intentionally ceased [Bransen's] operations and gradually gutted it of all valuable assets for the benefit of himself, his family, and his other businesses, which have effectively stepped into Bransen's shoes within the coal industry – all so that Bransen could avoid paying Dominion's claim or any future judgment." (Compl. [Doc. #15] ¶23.) In the original Complaint in this case, Dominion also brought claims against Michael Peters for actual fraud, piercing the corporate veil, and punitive damages.

On April 4, 2017, a few weeks after the present suit had been filed, Plaintiff Dominion file a separate suit in the Eastern District of Virginia naming Michael Peters as the sole Defendant (the "Virginia Action," 3:17CV259). In that case, Dominion alleges that Peters, as Bransen's sole and dominant shareholder, improperly controlled Bransen as his alter ego to effectuate fraudulent transfers and divest Bransen of its assets. (Virginia Action, Compl. at ¶38-39.) Plaintiff seeks to pierce Bransen's corporate veil in order to hold Peters personally liable for the Bransen Judgment. In addition, Plaintiff claims breach of fiduciary duty by Peters. (Virginia Action, Compl. at ¶47-48.)

On April 6, 2017, Plaintiff Dominion filed an Amended Complaint [Doc. #15] in this Court, which is the operative complaint. In the Amended Complaint, Plaintiff dropped all of the claims against Michael Peters, kept all of the fraudulent transfer claims against the other Defendants, added a fraudulent transfer claim against Michael Peters' wife, Carrie Peters, and added a claim for punitive damages against Bransen. Thus, the claims against Michael Peters

proceeded in the Virginia Action, and the claims against all of the transferee Defendants proceeded in this Court.

On May 23, 2018, over a year after this case and the second EDVA case had been filed, Defendants filed the present Motion, requesting that this Court enjoin Plaintiff from further prosecuting the Virginia Action. Defendants argue that the Virginia Action is parallel to the matter before this Court and that, under the first-filed rule, this Court should retain jurisdiction and enjoin Plaintiff from further prosecuting the Virginia Action. Defendants also filed a Motion to Stay in the Eastern District of Virginia, seeking to stay the Virginia Action pending this Court's resolution of the present Motion to Enjoin.

This Court held an Initial Pretrial Conference on July 19, 2018. At the conference, the Court adopted a scheduling order for this case, and noted that there did not appear any reason to hold up either action or delay further proceedings in either case. The Court therefore adopted the present Scheduling Order, with discovery set to close in this case on January 30, 2019. The EDVA court also held a hearing in the Virginia Action on July 19, 2018, and orally denied Defendant's Motion to Stay. That case has completed discovery and is proceeding to trial. Given the present posture of the proceedings, there is no basis to stay or enjoin either case at this time.

Typically, "[w]hen similar lawsuits are filed in multiple forums, the Fourth Circuit adheres to the 'first-filed' rule, which holds that the first-filed suit should have priority." Family Dollar Stores, Inc. v. Overseas Direct Imp. Co., Ltd., No. 3:10-cv-278, 2011 WL 148264, at *2 (W.D.N.C. Jan. 18, 2011) (citing Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 594-95 (4th Cir. 2004)). In determining whether the doctrine

applies, courts consider: "(1) the chronology of the filings; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." Courtney v. IKEA Holdings US, Inc., No. 1:16CV1215, 2017 WL 2455100, at *2 (M.D.N.C. June 6, 2017) (internal quotation omitted). However, "[c]ourts have broad discretion in determining when to apply the first-filed doctrine," and the Court considers equitable factors, various exceptions, and the interests of justice. See id. ("Invoking the first-filed doctrine is 'an equitable determination that is made on a case-by-case, discretionary basis.'" (quoting Nutrition & Fitness Inc. v. Blue Stuff, Inc., 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003))).

In the present case, it appears that the first-filed rule would not apply. The parties in the present case and the Virginia Action are not the same: Michael Peters is the sole Defendant in the Virginia Action, while the present action is proceeding against the transferee Defendants and Defendant Bransen. In the present case, Plaintiff seeks the unwinding of purportedly wrongful transfers from the transferee Defendants and punitive damages against Bransen. Michael Peters' personal assets are at stake only in the Virginia Action. In addition, although there is clearly factual overlap, the causes of action asserted in the two cases are not the same and will require the courts to resolve different legal questions. See also Nat'l Textiles, LLC. v. Daugherty, 250 F. Supp. 2d 575, 577-78 (M.D.N.C. 2003) (noting that in the context of parallel state and federal proceedings, "[f]actual overlap between two proceedings, however, does not nessar[il]y mean the suits are parallel. Nor are suits parallel when the remedies sought and the legal theories advanced differ." (internal citation omitted)). As the EDVA court noted in denying Defendant's Motion to Stay the Virginia Action, the Virginia Court must resolve Plaintiff's claim for piercing the corporate veil, while the action here concerns "whether there

4

were improper transfers of assets among corporations that aren't in [the Virginia] case." (Virginia Action, Transcript of July 19, 2018 Hearing [Doc. #62-2] at 15-18.) The differences in the claims and issues at stake are further illustrated by the relief Plaintiff seeks: Here, Plaintiff seeks "avoidance of those transfers and recovery of the full amount of those transfers from [the transferee Defendants] . . . in partial satisfaction of the Bransen Judgment"; in the Virginia Action, Plaintiff seeks to hold Peters personally liable for the Bransen Judgment and to obtain damages against Peters for breach of fiduciary duty.[1]

Moreover, equitable considerations and the interests of justice weigh in favor of allowing both actions to proceed. Plaintiff Dominion elected to file its action against Michael Peters in the Eastern District of Virginia. Dominion is a "Virginia public service corporation" with its principle place of business located in Virginia, and although Michael Peters resides in North Carolina, the cases are rooted in the prior action in Virginia. Therefore, the action against Michael Peters is appropriately proceeding in Virginia. In addition, practical considerations of efficiency favor allowing the Virginia Action to proceed without interference. Defendants waited until over a year after the actions had been filed to file the Motion to Enjoin, and at that point discovery in the Virginia action was well underway.[2] Defendants have not indicated any willingness to waive jurisdictional constraints so that all of the matters could proceed together in Virginia. The Virginia Action is now proceeding to trial,

---

[1] In addition, to the extent that these issues were effectively submitted to the EDVA court on the Motion to Stay in that case, this Court finds no basis to reconsider the determinations made by that court.

[2] Indeed, at the time the Motion to Enjoin was filed, the EDVA court had ruled against Peters on several issues, leading the EDVA court to observe that "he let the case sit around a year and then something went south and he decided, I better get this case down to the Middle District of North Carolina." (Transcript [Doc. #62-2] at 16.)

and discovery is coming to a close in the present case. In the circumstances, principles of efficiency and common sense counsel in favor of allowing both actions to proceed. After the trial has concluded in the Virginia Action and discovery has closed in the present case, there will still be ample opportunity if necessary prior to trial in the present case to address any risk of inconsistent judgments. Therefore, the interests of justice would be best served by the Court declining to interfere with the progress of the Virginia Action.

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Enjoin [Doc. #49] be DENIED.

This, 22nd day of January, 2019.

/s/ Joi Elizabeth Peake
United States Magistrate Judge